# IN THE COURT OF APPEALS OF IOWA

No. 16-0695
Filed February 22, 2017

**MICHAEL WAYNE REED,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

Applicant appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

On October 9, 2013, Michael Wayne Reed pled guilty to intimidation with a dangerous weapon, in violation of Iowa Code section 708.6 (2013). He did not appeal his conviction. Reed filed an application for postconviction relief on March 27, 2015, claiming ineffective assistance of counsel. The application was denied, and Reed appeals.

Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142. "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.* Both elements must be proved by a preponderance of the evidence. *Jones v. State*, 479 N.W.2d 265, 272 (Iowa 1991). Regarding prejudice, "the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 669 (1984).

Reed claims he would have gone to trial if his trial counsel had obtained the video from police squad cars at the scene of his arrest and his trial counsel was ineffective for failing to obtain the video. Reed claims during the standoff leading to his arrest the police fired on him first and he returned fire in self-defense. He acknowledges none of the squad cars were in position to film

the actual incident but claims the audio would have provided proof as to which weapon was used first.

However, Reed explicitly waived his right to a self-defense claim during entry of his plea:

> DISTRICT COURT: You understand, Mr. Reed, that your lawyer has informed the Court that if this case went to trial, there are several defenses that she might raise on your behalf. One is . . . that you were acting in self-defense when you fired the weapon. . . . This, however, is the key: If you plead guilty, you are waiving or giving up any right to ever claim that you were acting in self-defense.
> DEFENDANT: Yes, sir, I do.

Additionally, Reed's trial counsel formally requested the squad car videos but did not receive them. Further, Reed stated he would most likely "have accepted the guilty plea, simply for the shorter sentence" if the video had been located and the evidence within was inconclusive. Reed also specifically admitted he used the gun to intimidate the officers. He testified, "I picked up a shotgun and aimed it in the direction of one or more than one persons . . . . And the purpose of doing that was to intimidate them . . . ." Finally, Reed does not know what the video contained as it no longer exists.

Reed is unable to establish trial counsel was ineffective, as the videos were formally requested even though counsel did not receive them. Reed is also unable to establish prejudice as he waived his self-defense claim, formally admitted to the conduct in open court, and stated he would have pled guilty if the evidence had been inconclusive. Finally, Reed cannot establish the content of the video and, as a result, cannot prove by a preponderance of the evidence the

result would have been different.  Pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e), we affirm the district court.

     **AFFIRMED.**